UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ARTHUR DOUGLAS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>ERIC ARNOLD,<br><br>　　　　　　Respondent. | No. 2:17-cv-1592 GEB KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

I. <u>Introduction</u>

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent moves to dismiss this action as premature because petitioner's appeal of his current conviction is pending in the California Court of Appeal. Petitioner's motions for appointment of counsel, and for stay pending his direct appeal, are also pending. For the reasons stated below, respondent's motion should be granted, and petitioner's motions for stay and for appointment of counsel should be denied without prejudice.

II. <u>Motion to Dismiss & Motion for Stay</u>

This court has authority under Rule 4 of the Rules Governing Section 2254 Cases to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that

---

[1] This proceeding was referred to this court by Local Rule 302 under 28 U.S.C. § 636(b)(1).

the petitioner is not entitled to relief in the district court. . . ." Id. As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

Petitioner commenced this action on August 1, 2017. He challenges his March 21, 2014 conviction of criminal threats and false imprisonment. (ECF No. 1 at 1.) He was sentenced to a determinate state prison term of fifteen years, appealed his sentence, and the appeal remains pending in the California Court of Appeal. (ECF No. 19 at 5, referencing case number C076525).[2]

It is premature for this court to review petitioner's collateral attack on his conviction before the state court has had the opportunity to adjudicate the claims raised in his direct appeal. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

All three of these criteria are satisfied here. First, petitioner has an appeal pending in the California Court of Appeal. Second, California has "an important interest in passing upon and correcting violations of a defendant's rights." Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2003). And third, the California state courts provide an adequate forum in which petitioner may pursue his claims. See id. When the state proceedings have concluded and his

---

[2] According the California Courts' website, petitioner's appeal remains pending as of November 8, 2017. Indeed, following extensive briefing, the state appellate court has scheduled oral argument for Monday, December 11, 2017. On November 1, 2017, the California Supreme Court denied petitioner's petition for writ of mandate for the state appellate court to issue an opinion. Id. Petitioner is represented by counsel in the appeal.

2

conviction becomes final, petitioner may seek federal habeas relief.

In his opposition, petitioner claims that Younger abstention does not apply because his federal petition does not include the claims he is raising in his direct appeal. (ECF No. 21 at 2.) The "[a]pparent finality" of a single claim, however, "is not enough." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). As another district court explained:

> The Ninth Circuit has held unequivocally that the exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case. See id. In Sherwood a direct appeal was pending although the federal issues had been decided by the state courts via another procedural route. Although the Younger abstention might seem a better rationale for this requirement than exhaustion, see Phillips v. Vasquez, 56 F.3d 1030, 1038-39 (9th Cir. 1995) (concurring opinion), the requirement is nevertheless well-established in this circuit.

Torres v. Yates, 2008 WL 2383871, at *2 (N.D. Cal. June 9, 2008). Under the Younger doctrine, this court must abstain from granting petitioner any relief until his entire case has concluded in state court. Id. As petitioner's direct appeal is pending, his underlying action is ongoing, and this court cannot enter judgment in petitioner's favor, and this action must be dismissed.

In his motion for stay, petitioner seeks stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005), rather than dismissal of this action. (ECF No. 22.) However, a stay would be inappropriate. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from "the date the judgment became final on direct review." 28 U.S.C. § 2244(d)(1)(A). Until petitioner's new judgment and sentence is rendered final "by conclusion of direct review or by the expiration of the time for seeking such review," AEDPA's one-year statute of limitations period will not begin to run. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007). Because the statute of limitations period for the filing of a federal habeas petition has not yet begun to run, it would be inappropriate to grant a stay and abeyance. Bennett v. Fisher, 2015 WL 6523689, at *1 (E.D. Cal. Oct. 27, 2015) (stay inappropriate where limitations period has not even begun to run); Henderson v. Martel, 2010

| | |
|---|---|
| 1 | WL 2179913, at *6-7 (E.D. Cal. May 26, 2010) (denying petitioner's renewed motion for a stay |
| 2 | and abeyance as premature). |
| 3 | Therefore, for all of the above reasons, IT IS HEREBY RECOMMENDED that |
| 4 | respondent's motion to dismiss (ECF No. 17) be granted, petitioner's motion for stay (ECF No. |
| 5 | 22) be denied, and the petition be dismissed, without prejudice, as premature. See 28 U.S.C. |
| 6 | § 2254(a); Juidice v. Vail, 430 U.S. 327, 337 (1977) (if Younger abstention applies, a court |
| 7 | should dismiss the action). |
| 8 | III.  Motion for Appointment of Counsel |
| 9 | Petitioner has requested the appointment of counsel. There currently exists no absolute |
| 10 | right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 |
| 11 | (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage |
| 12 | of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. |
| 13 | In light of the above recommendations, petitioner's motion for appointment of counsel is |
| 14 | premature. Therefore, petitioner's motion is denied without prejudice. |
| 15 | IV.  Conclusion |
| 16 | Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of |
| 17 | counsel (ECF No. 12) is denied without prejudice. |
| 18 | Further, IT IS RECOMMENDED that respondent's motion to dismiss (ECF No. 17) be |
| 19 | granted, and this action be dismissed without prejudice. |
| 20 | These findings and recommendations are submitted to the United States District Judge |
| 21 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 22 | after being served with these findings and recommendations, any party may file written |
| 23 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 24 | "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, |
| 25 | he shall also address whether a certificate of appealability should issue and, if so, why and as to |
| 26 | which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the |
| 27 | applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. |
| 28 | § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after |

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2017

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/doug1592.mtd.younger.110